227 F.2d 106
 Fannie Mae HENDERSON as next friend of Johnnie Nell Pitts, Appellant,
v.
TRANS-CONTINENTAL MUTUAL INSURANCE CO., Inc., and its successor Trans-America Insurance Co., Inc., Appellees.
 No. 15573.
 United States Court of Appeals Fifth Circuit.
 November 9, 1955.
 
 Vincent P. McCauley, Columbus, Ga., for appellant.
 H. B. Pease, Al Williams, Columbus, Ga., Swift, Pease, Davidson & Chapman, Columbus, Ga., for appellees.
 Before HUTCHESON, Chief Judge, and BORAH and CAMERON, Circuit Judges.
 BORAH, Circuit Judge.
 
 
 1
 Johnnie Nell Pitts, the appellant in this case, brought suit and on September 15, 1954, obtained a judgment against Henry Sims in the sum of $7,500 for personal injuries sustained in an automobile accident occurring on July 10, 1954, at or near the intersection of Schatulga Road and Buena Vista Road in Muscogee County, Georgia. Thereafter, and following the return of "nulla bona" upon the execution issued under the judgment against Sims, Johnnie Nell instituted this suit in the United States District Court for the Middle District of Georgia against Trans-Continental Mutual Insurance Co., Inc., and its successor, Trans-America Insurance Co., Inc., to compel Trans-America to pay the judgment together with interest and costs. In that court, the defendant insurance company filed a motion to dismiss the complaint attaching to said motion affidavits and exhibits. The District Judge elected to treat the motion as one for summary judgment and following this ruling a cross-motion for summary judgment was filed by plaintiff. The cause then came on for a hearing and at its end the court found from the evidence that plaintiff was not entitled to recover against the defendant because at the time of the accident the vehicle was not being operated by the insureds or a member of his or her "immediate family." Accordingly, the court denied plaintiff's cross-motion for summary judgment, granted defendant's motion and dismissed the complaint. From this judgment the plaintiff appeals.
 
 
 2
 The policy in suit upon which appellant predicates her right to recover was captioned "combination automobile policy." It was issued by Trans-Continental Mutual Insurance Co., Inc., to Sfc. Pearlie Baldwin and Cozzie Mae Baldwin at Fort Benning, Georgia, covering a 1951 Buick automobile owned by the named insureds. The policy period was from December 10, 1953 to December 10, 1954; and limits of liability for bodily injury were $5,000 for each person and $10,000 for each accident, all as set out in item 3 of coverages A and B of said policy.
 
 
 3
 Under "insuring agreements," and "subject to the limits of liability, exclusions, conditions and other terms of this policy," it was provided under Coverage A, that the company was "To pay on behalf of the insured all sums which the insured shall become obligated to pay as damages because of bodily injury * * * sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile."
 
 
 4
 Under the designation of "insured" it was provided: "The unqualified word `insured' [wherever used in coverages A and B] includes the named insured and also includes any person while using the automobile * * * provided the actual use of the automobile is by the named insured or with his permission."
 
 
 5
 In addition to the foregoing provision in the general policy, there is annexed to the policy an endorsement which provided:
 
 
 6
 "It is understood and agreed that coverages A, B and C of this policy are in force only when the vehicle is being operated by the named insured or a member of his immediate family.
 
 
 7
 "All other terms and conditions of this policy remain unchanged."
 
 
 8
 Under the heading "conditions" it was further provided by the policy that "Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable * * *."
 
 
 9
 We have set forth the policy provisions which we believe are pertinent to the proper construction and application of the insurance contract to the facts in this case and in the light of those provisions we shall now consider, not separately but in globo, the three enumerated grounds on which appellant attacks the judgment below: (1) that the form endorsement was invalid and ineffective as being in conflict with other provisions of the policy incorporating Georgia statutory enactments; (2) that if effective, the wording of the endorsement was ambiguous, indefinite and equivocal, particularly the expression "immediate family", and any doubts concerning the construction of the same should have been resolved against the insurer; and (3) that if effective, the evidence presented an issue of fact as to whether Sims was included in the "immediate family" as that expression is used in the policy.
 
 
 10
 Appellant first argues that the endorsement attached to the policy is invalid and ineffective as being in conflict with another provision of the policy which expressly states that the coverage under A and B shall comply with the provisions of the motor vehicle financial responsibility laws. And then, with apparent though misplaced confidence in the soundness of her position, contentions are made that the insurer had not shown that the vehicle was being operated without the permission of the owner, which was the only defense open to it under the Georgia Motor Vehicle Responsibility Act,[1] and that appellee was precluded from relying on that provision of the statute which recites that this Act does not apply if the owner had a policy of insurance in effect at the time of the accident, because at the time when the policy was issued, appellee was not authorized to do business in Georgia, and, therefore, its policy would not suspend the provisions of the Act. We cannot agree.
 
 
 11
 It is sufficient to say that the argument is based upon a misconception of the policy provision. The language of the "condition" does not unqualifiedly state that the coverage under A and B shall comply with the provisions of the motor vehicle financial responsibility laws, but that "such insurance as is afforded by this policy" shall comply with the financial responsibility law of any state "which shall be applicable, etc." Obviously, the inclusion of this provision does not extend liability of the insurer over to situations not covered by the policy. Here, the situation covered is expressed in the language of the limiting endorsement and under the most fundamental rules of construction the typewritten endorsement on the policy must be given effect to the exclusion of any printed provision in the policy.
 
 
 12
 The limiting endorsement states in plain and unequivocal language: "It is understood and agreed that coverages A, B and C of this policy are in force only when the vehicle is being operated by the named insured or a member of his immediate family." We know of no Georgia law which prohibits such limited coverage and certain it is that the Georgia Motor Vehicle Responsibility Act does not bar the insurer from using this limitation of coverage as a defense to an action by injured third persons. In the absence of statutory provisions to the contrary, insurance companies have the same right as individuals to limit their liability, and to impose whatever conditions they please upon their obligation not inconsistent with public policy; and the courts have no right to add anything to their contracts, or take anything from them. In the absence of legislative determination that such coverage limitation is inconsistent with the public policy of the State of Georgia, we cannot hold invalid the policy limitations embodied in the endorsement attached to the present insurance contract.
 
 
 13
 In the case at bar the "omnibus coverage" clause extending the insurance to persons other than the named insured is expressly limited by the endorsement provision that this policy shall cover the vehicle "only when the vehicle is being operated by the named insured or a member of his immediate family." The word "when" is an adverb of time. The phrase "when the vehicle is being operated" has reference to the time of the casualty and obviously at that time the vehicle was not being operated by a member of the insureds' immediate family. As to this the evidence in the case was uncontradicted. Sims was the brother-in-law of Cozzie Mae Baldwin. At the time of the accident Sims, together with his wife and child and Rochelle Walton, a grandmother of Cozzie Mae Baldwin, all lived at 715 Maple Avenue, Columbus, Georgia. At the same time, Cozzie Mae Baldwin, together with her children and an aunt, was living at 1820 Williams Avenue in Columbus, and Pearlie Baldwin was in the armed services. There was thus no evidence which could make an issue of fact as to whether the operator of the vehicle was a member of the immediate family of either of the named insureds. This being the state of the record, we hold, as a matter of law, that Sims, the brother-in-law of one of the named insureds, who lived in a separate and different house, is not a member of insureds' immediate family.
 
 
 14
 The judgment of the District Court was correct and it is
 
 
 15
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Section 92A-601 et seq., Book 27, Title 93-96, Georgia Code Annotated