(No. 33779.—

DONALD MCCANN, for the use of Kenneth Osterman, Appellant, *vs.* CONTINENTAL CASUALTY COMPANY, Appellee.

*Opinion filed March 22, 1956—Rehearing denied May 22, 1956.*

HERSHEY, C.J., took no part.
DAVIS and BRISTOW, JJ., dissenting.

JOSEPH BARBERA, of Chicago, (CHARLES D. SNEWIND, of counsel,) for appellant.

ECKERT, PETERSON & LOWRY, of Chicago, (A. R. PETERSON, OWEN RALL, HAROLD W. HUFF, and HERBERT C. LOTH, JR., of counsel,) for appellee.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Petition for leave to appeal from a judgment of the Appellate Court reversing a judgment of the circuit court of Cook County, favorable to petitioner, has been granted. Garnishment action against respondent, Continental Casualty Company, hereinafter referred to as insurer, was based upon a judgment recovered by one Osterman against Donald McCann. Osterman will hereinafter be referred to as plaintiff and one Kenealy will hereinafter be referred to as the insured.

The insurer had issued its policy to the insured covering a certain motor scooter. Although the original policy included a standard omnibus clause, by special endorsement and rider the coverage was purportedly restricted to the insured and any relatives of and residents of his household while using the vehicle with the permission of the insured. It appears that McCann was neither a relative nor member of the insured's household and was using the scooter by permission of the minor son of the insured and while engaged in its operation caused injury to plaintiff. Original action brought by plaintiff against the insured and McCann resulted in a default judgment being entered against McCann in the sum of $7500. At the conclusion of the evidence in the subsequent garnishment suit, the trial court directed the jury to return a verdict against the insurer in the sum of $5000, said sum being the limitation of coverage of the policy in question. From a judgment entered upon said verdict the insurer appealed here, and the cause was transferred to the Appellate Court. *McCann* v. *Continental Casualty Co.* 4 Ill.2d 170.

The policy in question provided that insurer agreed to

pay on behalf of the insured all sums which he became legally obligated to pay as damages due to bodily injury or property damage caused by accidents arising out of the ownership, maintenance, or use of the motor scooter. The rider referred to, amending the definition of insured in the policy, reads as follows:

"The unqualified word 'insured' wherever used in Coverages A and B and in other parts of this policy, when applicable to such coverages, includes the named insured and, except where specifically stated to the contrary, also includes any relative of and a resident of the household of the named insured while using the vehicle described in the policy provided the actual use of the vehicle is with the permission of the named insured."

As pointed out by the Appellate Court opinion, reported in 6 Ill. App.2d 527, the scooter was bought for the use of the minor son of the insured and the evidence revealed the insured gave his son permission to allow his friends to drive the scooter if they were dependable. On the date of the accident, the son permitted McCann to operate the scooter and it appeared that McCann was also the owner of his own scooter and regarded as dependable by the insured's minor son.

The principal issue in this case arises because of clause 8 of the policy containing the following provision:

"Financial Responsibility Laws—Coverages A and B:

"Such insurance as is afforded by this policy for bodily injury liability or property damage liability shall comply with the provisions of the motor vehicle financial responsibility law of any state or province which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made

by the company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph."

Another clause of the policy also provides that: "Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

The present problem brings into focus various provisions of the Illinois financial responsibility law, sections 42—2 to 42—11, inclusive, of the Motor Vehicle Act. (Ill. Rev. Stat. 1947, chap. 95½, pars. 58b to 58k, incl.) It is this law which gives the power to the Secretary of State to suspend the operator's license, registration certificate and license plates issued to a person named as judgment debtor, where the judgment grows out of the operation of a motor vehicle and is not satisfied within thirty days of its rendition; unless the party against whom the judgment is rendered satisfies it and makes proof of financial responsibility to respond in damages for any liability for personal injuries, etc., incurred as a result of the ownership, maintenance, use and operation of the motor vehicle. Proof of financial responsibility may be satisfied by a policy of insurance. It is provided in section 42—11 (par. 58k) of the act that a motor vehicle liability policy "shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or vehicles with the express or implied permission of said insured."

The Appellate Court was of the opinion that the trial court erred in incorporating section 42—11 (par. 58k) in the policy in conformity with clause 8 of said policy. The Appellate Court pointed out that the original policy contained an omnibus clause which extended insurance to any person using the vehicle with the insured's permission but that the rider was substituted in lieu of the omnibus clause and narrowed and limited the coverage as above stated. The opinion further points out that the laws of certain

States require the inclusion of the omnibus clause in every such policy but that in other States such a clause is only required in an insurance policy produced as proof of financial responsibility. A difference is then noted in these two types of statutes, namely, that in the former the purpose is to protect the public against negligent operation of vehicles by permissive users thereof, and in the latter type the chief purpose is to regulate the provisions of such policies as proof of financial responsibility for the future by the owners of a vehicle who, by prior accident or otherwise, have fallen within the scope of the financial responsibility law. The opinion further states that the fundamental basis for both type of statutes is the protection of the general public as well as providing compensation to persons injured by vehicles negligently operated on the public highways.

It is, of course, true that no Illinois law requires the purchase of insurance as a condition precedent to the use of Illinois highways by most automobiles and pleasure vehicles in the first instance. It is to be noted, however, that the Illinois financial responsibility law specifically requires the inclusion of an omnibus clause in insurance policies issued thereunder. In the instant case, the insurance policy in question was a standard form formulated for the purpose of complying with the laws of all States wherein the company did business.

It was the conclusion of the Appellate Court that in order to bring a person within the scope of the financial responsibility law, requiring him to prove his financial responsibility so that he could continue to operate a motor vehicle in this State, it is necessary that there be an unsatisfied judgment against him and that one of the methods of proving his financial responsibility was to show that he was covered by a policy of insurance including an omnibus clause. It was also the conclusion of the Appellate Court that the Illinois financial responsibility law specifically

limits the provisions of section 42—11 (par. 58k) to liability policies issued under the provisions of the act and that the provisions of the act are not applicable unless the insured has by his previous conduct brought himself within its purview. There is no evidence in the record that the insured had a previous accident or that there was any unsatisfied judgment growing out of an accident against him. Therefore, reasons the Appellate Court, the insured was not required to make proof of financial responsibility under the act.

The Fourth District Appellate Court's opinion in *Landis* v. *New Amsterdam Casualty Co.* 347 Ill. App. 560, dealt with a similar problem in a garnishment suit brought against an insurance company based upon a policy issued to a garage operator under the Illinois Truck Act. The act made it compulsory for the operator to obtain such a policy. The operator's policy contained no omnibus clause but contained a provision that the policy must comply with the financial responsibility laws of any State which might be applicable respecting any liability arising out of the use of the insured's vehicle. The operator was the only named insured. The garage operator's employee, while driving the vehicle with the owner's permission, departed from instructions and was driving the truck on a mission of his own when plaintiff was injured. The court in the *Landis case* held that by virtue of the clause of the policy concerning compliance with the financial responsibility law, the omnibus clause of that act was included in said policy and that therefore the coverage was extended to the driver of the truck.

The First District Appellate Court points out that the policy involved in the *Landis case* was a compulsory one and that under the reasoning of *Illinois Casualty Co.* v. *Krol,* 324 Ill. App. 478, mandatory insurance legislation is enacted for the protection of the general public in the use of the highways and the insurance carrier will not be

relieved from liability to parties injured in their person or property by reason of the insured's unlawful operation of a truck because of the existence of defenses such as noncoverage. However, the First District Appellate Court in the instant cause states that it does not agree with nor will it follow the reasoning used as a basis for the decision in the *Landis* opinion to the effect that a policy provision, as present in this case, requiring compliance with the financial responsibility law of any State which should be applicable, would, by itself, require the inclusion in the policy of the omnibus clause contained in section 42—11 (par. 58k) of our act without a showing of the applicability of the financial responsibility law.

The First District Appellate Court stated that its conclusion was sustained by both reason and overwhelming authority and cited various cases of foreign jurisdictions in support thereof. (See pp. 535-6 of the opinion.) It distinguished the cases favorable to petitioner's viewpoint on the ground that the policies in question were compulsory.

It is fundamental that where the terms of an insurance policy are clear and unambiguous the court must give effect to the intent of the parties to the contract in accordance with the clear expression of agreement. The case of *Henderson* v. *Trans-Continental Mutual Insurance Co.* 227 F.2d 106, dealt with a problem similar to that which now confronts this court. Judgment for personal injuries was rendered for plaintiff injured by an assured's permissive driver. When suit was brought against the insurance company of the owner it was pointed out by the company that although the policy contained a general omnibus clause there was a specific endorsement annexed to the policy confining coverage to the named insured (owner) or a member of his immediate family. The plaintiff argued there, as does plaintiff here, that the policy conditions, providing that such insurance as is afforded by the policy for bodily injury liability or property damage liability shall comply with

the provisions of the motor vehicle financial responsibility law of any State or province which shall be applicable, render void the express restrictive coverage of the endorsement. The court in the *Henderson case*, in holding for the insurance company, declared, "It is sufficient to say that the argument is based upon a misconception of the policy provision. The language of the 'condition' does not unqualifiedly state that the coverage under A and B shall comply with the provisions of the motor vehicle financial responsibility laws, but that 'such insurance as is afforded by this policy' shall comply with the financial responsibility law of any state 'which shall be applicable, etc.' Obviously, the inclusion of the provision does not extend liability of the insurer over to situations not covered by the policy. Here, the situation covered is expressed in the language of the limiting endorsement * * *."

Many of the cases holding for insurance companies' contentions for restricted coverage are based on policy words as "which shall be applicable" in concluding that a policy condition such as condition 8 in the case at bar does not incorporate an omnibus clause provision of a financial responsibility law by reference unless the named insured had theretofore been required to furnish proof of his financial responsibility. We agree with the foregoing opinon that "insurance afforded by this policy" does not include omnibus coverage for the operator of this particular vehicle and that the express restrictive endorsement must be given effect. The contractual intention of the parties seems clear and omnibus coverage under the Illinois financial responsibility law was not required under the facts in the instant case.

The judgment of the First District Appellate Court is affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE HERSHEY took no part in the consideration or decision of this case.

Mr. JUSTICE DAVIS, dissenting:

I dissent with the views of the majority relative to the construction of this insurance contract. The opinion finds the terms of the policy unambiguous and purports to give effect to the intention of the parties in accordance with the clear expression of the agreement. In so doing, it is my belief that the majority have placed a construction on the contract dependent upon the alleged circumstance that the policy was obtained to satisfy the requirement of a showing of financial responsibility after an accident resulting in an unsatisfied judgment, a matter dehors the instrument. The effect of this construction of the policy is to relieve the insurer of liability to victims of a first accident in connection with non-relative-household permissive use of the motor vehicle of the assured even though condition 8 of the policy incorporated the omnibus clause of section 42—11 of the Motor Vehicle Act. Ill. Rev. Stat. 1947, chap. 95½, par. 58k.

The problem presented is that of ascertaining the intention of the parties from the policy. The rules for the construction and interpretation of insurance contracts are the same as those applicable to other contracts. (*Capps* v. *National Union Fire Ins. Co.* 318 Ill. 350; *Old Colony Life Ins. Co.* v. *Hickman,* 315 Ill. 304.) "The circumstances which courts may consider in determining the construction of a contract are those arising in the contract itself—that is, before a court may look at the surrounding circumstances there must be ambiguity in the language of the instrument. Unless such be found in the language of the contract the meaning must be determined from the words used and from no other source." *Englestein* v. *Mintz,* 345 Ill. 48; *Jones* v. *Sacramento Avenue M. E. Church,* 198 Ill. 626.

The majority relied on the case of *Henderson* v. *Trans-Continental Mutual Ins. Co.* 227 F.2d 106. I cannot agree with the reasoning of the *Henderson case* or the majority statement that the "contractual intention of the

parties seems clear" and that the contract is free from ambiguity. If this is true, then the majority are in the anomalous position of deciding this case on the basis of circumstances outside the policy, even though they consider its terms to be certain. While the rider attached to the policy purports to limit the original comprehensive omnibus clause, section 8 of the policy provides that such insurance shall comply with the Financial Responsibility Act of any State or Province which shall be applicable. Section 42—11 of the Motor Vehicle Act requires that a motor vehicle liability policy as therein defined "shall insure the person named therein and any other person using or responsible for the use of said motor vehicle or vehicles with the express or implied permission of said insured." (Ill. Rev. Stat. 1947, chap. 95½, par. 58k.) These provisions are inconsistent, conflicting and ambiguous, and should be strictly construed against the insurer and to afford the most protection to the insured. (*Mosby* v. *Mutual Life Ins. Co. of New York,* 405 Ill. 599; *Moscov* v. *Mutual Life Ins. Co. of New York,* 387 Ill. 378.) Application of these recognized principles of construction of insurance contracts leads to the conclusion that by the incorporation of the omnibus clause of the financial responsibility law in the policy, the insurance afforded was extended to any person using the motor vehicle with the permission of the assured.

It is the majority opinion which reads the omnibus provisions of the financial responsibility law into the contract, if, and only if, the policy is used as proof of financial responsibility after an accident has occurred resulting in an unsatisfied judgment. The policy does not so provide. Section 23 of the policy conditions provides that the terms of the policy which are in conflict with the statutes of the State wherein the policy is issued are thereby amended to conform to such statutes. Thus any conflicts of the terms of the policy, or of any rider, with the omnibus statutory provisions are specifically resolved in favor of the statute.

The majority concede, "It is to be noted, however, that the Illinois financial responsibility law specifically requires the inclusion of an omnibus clause in insurance policies issued thereunder." The rationale of the majority, whereby the omnibus provision flashes alternately inoperative, then operative, as motivated by facts *dehors* the contract, is most difficult of comprehension; and the magnitude of this difficulty is surpassed only by the improbability that the contracting parties contemplated or intended such result. I find nothing in the words, "insurance afforded by this policy," which excludes omnibus coverage for the operator of this particular vehicle and requires the application of the restrictive endorsement.

There is the added consideration that under section 42—6, (par. 58f) of the law, proof of financial responsibility may be voluntarily made by or on behalf of any person prior to the offense or accident under which any conviction, judgment or order arises. In such case the privilege of operating any motor vehicle shall not be suspended if such proof, at the time of such conviction, judgment or order is valid and sufficient under the law. Such prior proof of financial responsibility may be made by a proper policy or policies of insurance, bond, or deposit as provided in section 42—5 (par. 58e). It is therefore untrue that the only policies of insurance contemplated by the law pertaining to financial responsibility are those which are given after an accident has resulted in an unsatisfied judgment.

The problem here presented is one of construction and interpretation of the policy. The majority have construed the provisions of the financial responsibility law rather than those of the policy, and in so doing have made a new contract under the guise of construing the old. I submit that the majority, sustained by respectable authority in other jurisdictions, have sought to ascertain the intention of the legislature in passing the financial responsibility law, rather than that of the the parties to this contract. I do not believe

that the insured intended to purchase, or the policy provides for, insurance coverage under the omnibus clause for the purpose of furnishing proof of financial responsibility for the future and not the present.

"The law undertakes to enforce reasonable expectations which arise out of conduct, relations and situations." (Cardozo's Growth of the Law, page 102.) Can it be said that the opinion of the majority enforces a reasonable expectation determined from the provisions of the policy?

Mr. JUSTICE BRISTOW concurs in the foregoing dissenting opinion.