No. 524. STANLEY ET AL. *v.* UNITED STATES. C. A. 9th Cir. Petition for writ of certiorari granted, insofar as it seeks review of affirmance by the Court of Appeals of count 5 (possession count) of convictions of petitioners Stanley, Thomas, and Massey. Judgment as to these three individuals vacated insofar as that count is concerned and case remanded to the Court of Appeals so that it may consider suggestions contained in the memorandum the Solicitor General filed here. By this remand this Court intimates no view as to merits of the Solicitor General's position. In all other respects the petition for writ of certiorari is denied. MR. JUSTICE WHITE and MR. JUSTICE BLACKMUN dissent and would deny certiorari. 

MR. JUSTICE DOUGLAS, dissenting.

The statute at the time of conviction made manufacture a crime, 21 U. S. C. § 360a (a) (1964 ed., Supp. I). It also made "possession" a crime in the following words—"No person . . . shall possess* any depressant or stimulant drug otherwise than (1) for the personal use of himself or of a member of his household; or (2) for administration to an animal owned by him or a member of his household." 21 U. S. C. § 360a (c) (1964 ed., Supp. I).

As stated by the Court of Appeals, the law, which was enacted in 1965, did not make possession for personal use a crime but it did make possession for sale an offense; and here the evidence is clear that possession was for sale.

---

*Amendments in 1968 made all possession criminal—possession for sale and "otherwise," 82 Stat. 1361. While petitioners were tried after the enactment of the 1968 amendments, their offenses were committed earlier. The 1968 amendments apply "only with respect to violations . . . committed after the date of the enactment of this Act."

Beginning in November 1966 government agents commenced an investigation into suspected illegal drug activities in the San Francisco Bay area. Petitioners and others were placed under extensive surveillance. During the period of surveillance one Krusko, a government undercover agent, became acquainted with petitioner Spires, twice purchased LSD from him (once for $3,400), and had frequent conversations with him. These conversations revealed that petitioner Stanley was engaged in manufacturing and distributing various drugs including LSD. A frequent topic of these conversations pertained to the purchase of LSD.

On November 15, 1967, during a conversation, Spires informed Krusko that "some of the boys" were going to set up a laboratory and had found a location "way out in the sticks." Spires also informed him that of the 100 grams of LSD which Stanley had previously possessed, 10 had been distributed in the form of tablets. Spires said that Stanley normally sold large quantities for $2,500 per gram.

On December 19 Spires stated he was going to the laboratory and would attempt to get some LSD for Krusko, saying that Stanley intended to produce 25 grams of LSD before Christmas.

The officers thereupon obtained a search warrant of the premises which was executed on December 21. They found a small factory for the manufacture of LSD. All occupants of the house were arrested and the officers made a room-by-room search of the house. In all, 125 or 126 pieces of evidence were taken from the house.

A large brown bottle was found on a table in one room. On analysis its 472 grams of white powder were found to be 5.3% LSD. On a shelf in a closet across from the bathroom was a plastic bottle containing 42 grams of 95% pure LSD. The 42 grams of 95% pure LSD at the

price quoted by Spires would bring in $105,000 and if sold in lesser quantities would bring in more.

The Government charged each petitioner with manufacture of LSD, *possession* of LSD, and conspiracy to manufacture, compound, process, sell, and deliver LSD. Petitioner Spires was also charged with two counts of selling LSD. All petitioners were found guilty on each count charged against them. The District Judge did not make a specific finding that the *possession* of LSD was for the purposes of sale, but the Court of Appeals concluded that the evidence was overwhelming that *the possession was for purposes of sale.* 427 F. 2d 1066, 1071.

We distort the record when we treat the case as "possession" of a drug for purposes of manufacture. We deal with a drug after it was manufactured and held for sale. The charge of "possession" made in the indictment was therefore "possession" as defined in the 1965 Act. The power to pardon is reserved for the Executive. Accordingly, I would deny certiorari and I dissent from a remand of the case.