MID-CENTURY INSURANCE COMPANY *et al.*, Plaintiffs-Appellants, *v.* SAFECO INSURANCE COMPANY OF AMERICA, Defendant-Appellee.

(No. 11629;

Fourth District—September 14, 1972.

Gillespie, Burke & Gillespie, of Springfield, and Byers & Westfall, of Decatur, for appellants.

Giffin, Winning, Lindner, Newkirk and Cohen, of Springfield, (Alfred F. Newkirk, of counsel,) for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is an appeal by the plaintiffs from a declaratory judgment holding that defendant Safeco had no liability on its automobile insurance policy to any of the plaintiffs and directing that the plaintiffs take nothing by their suit and pay costs. We affirm.

■■■ The questions presented on this record and our answers thereto

are as follows: (1) Does the restrictive endorsement limiting the coverage to Linda Ross and "members of her family" create an ambiguity in the policy requiring construction? No. (2) Is the restrictive endorsement attached to the policy against public policy and invalid? No. (3) Are the plaintiffs third-party beneficiaries under the policy issued by the defendant to Linda Ross with sufficient interest to attack the restrictive endorsement? No.

The policy in question was issued as of June 23, 1967, for a six-month period and thereafter extended at six-month intervals to June 23, 1969. The restrictive endorsement provides that liability insurance for property damage and bodily injury "shall not apply to any person who is not a member of the named insured's family related by blood, marriage or adoption". By letter dated July 1, 1967, when the policy in question was delivered to Linda Ross, the insurance agent stated: "This endorsement means this; if you allow any person who is not a member of your family to drive your car and they have an accident, your policy will not afford protection for this other driver. You and your car, however, will continue to be protected under your policy. In other words, the other driver will have to depend on his own policy for his protection. Your policy protects you at all times even when driving some other person's car. Any questions, please write". Linda Ross signed the restrictive endorsement and attached it to her policy and returned copies to the insurance company.

On June 15, 1969, Linda Ross loaned her car to plaintiff Marten— wholly unrelated to her—and while he was driving it he was involved in an accident wherein plaintiff Sickles and Wylie were injured. They filed suit against Marten only. Marten tendered the defense to Safeco and it was refused. He then tendered it to Mid-Century Insurance Company which had in effect a liability policy issued to Marten upon his own car.

■■ It is basic that parties have the right to include in their contract any provision which is not prohibited by law. Thus, it is stated in 22 Illinois Law and Practice, Section 116, pocket parts, p. 31: "Parties to insurance contract are free to incorporate such provisions into it, if not unlawful, as they see fit and it is then the duty of the court to enforce those provisions". To a like effect is *Nationwide Insurance Co. v. Ervin*, 87 Ill.App.2d 432, 231 N.E.2d 112; *Smiley v. Estate of Toney*, 100 Ill.App. 2d 271, 241 N.E.2d 116 (affirmed 44 Ill.2d 27, 254 N.E.2d 440). The restrictive endorsement here under consideration is not barred by any section of the statute to which our attention has been called. Ill. Rev. Stat. 1969, ch. 72, par. 1000, provides that there may be a direct action against the insurer (defendant here) after execution against the insured

is returned unsatisfied. In the case at bar, Linda Ross is not a party defendant in any action. In this state of the record, she is thus not remotely, legally or directly interested in the primary suit against Marten or in this suit, or whether or not her insurance coverage protects Marten. Her present concern legally is only that it protects her and at this point, she requires no protection. Whether she got the coverage she paid or bargained for is presently immaterial. Her insurance agent's letter suggests that she did.

■■ Ill. Rev. Stat. 1969, ch. 95½, par. 7—137, is a part of the Financial Responsibility Act and it refers only to a policy issued after an accident to cover the future responsibiilty of the insured. *Automobile Underwriters, Inc. v. Hardware Mutual Casualty Co.*, 120 Ill.App.2d 159, 256 N.E.2d 463, has construed a like provision in discussing the Financial Responsibility Act by holding it is not incorporated into a policy until there is some happening or circumstance that insured has brought himself within the purview of that Act or that the policy of insurance issued has been certified as proof of financial responsibility. That case therefore held that the decision in *McCann v. Continental Casualty Co.*, 8 Ill.2d 476, 134 N.E.2d 302, controlled. In like manner in the case at bar, there is nothing in this record to justify the conclusion that Linda Ross' situation is within the terms of the Financial Responsibility Act or a policy issued under its terms.

In *McCann v. Continental Casualty Co.*, 8 Ill.2d 476, 134 N.E.2d 302, the policy contained a general definition of "insured" in the omnibus clause, but by endorsement that term was restricted to "any relatives of and residents of the household". The Supreme Court held that this did not constitute either a conflict in terms or make the policy ambiguous and indicated that the only statute requiring a policy on a private passenger automobile to extend insurance coverage to any person driving the car with the permission of the named insured appeared in the Financial Responsibility Act and that that Act was applicable only after an accident where the insured was required to submit a policy with such coverage to protect against future liability. (Ill. Rev. Stat. 1969, ch. 95½, par. 7—317.) Paintiffs' counsel attaches great weight to the dissent in *McCann* and suggests that should the situation be again presented to the Supreme Court, it would now hold to the contrary. It may be pointed out that in the dissent complaint is made that the majority opinion reads the Financial Responsibility Act into the contract if and only if the policy is used as proof of financial responsibility after an accident has occurred resulting in an unsatisfied judgment and states that the policy in question there does not so provide. The policy in the case here does so pro-

vide in these words: "Financial Responsibility Laws: When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated therein". Thus, it appears that Safeco's policy and its endorsement squarely meet the basis for the dissent in *McCann*. The policy here in question had not been certified by Linda Ross under the Financial Responsibility Act nor does it appear from this record that it was necessary for her to do so.

In *Porterfield v. Truck Insurance Exchange*, 28 Ill.App.2d 195, 171 N.E.2d 108, the term "insured" was restricted by the policy to an employee of the named insured while in the course of his employment. Such restriction was upheld. In *Meyer v. Aetna Casualty Insurance Co.*, 46 Ill.App.2d 184, 196 N.E.2d 707, the endorsement stated that the coverage "does not apply to accidents or loss occurring while any automobile is being personally driven by Garnell A. Waters, Jr." who appears to have been a son of the insured. Such restriction was upheld. In *Henderson v. Trans-Continental Mutual Insurance Co.* (5th Cir. 1955), 227 F.2d 106, the restrictive endorsement limited an insured to a "member of his or her immediate family" and it was upheld. It seems therefore that unless there is some statute or an opinion expressly holding such a restrictive policy to be void or otherwise limiting its enforcement as a matter of public policy, it is the duty of this court to construe the contract as written and not to rewrite it nor is it our province to rewrite the opinion of the Supreme Court on the issue here presented if we would—and we wouldn't on this record.

In view of this holding, it is not necessary to extend this opinion by discussing other collateral issues presented on the record. Accordingly, the judgment of the trial court is affirmed.

Judgment affirmed.

TRAPP, P. J., and SIMKINS, J., concur.