MID-CENTURY INSURANCE EXCHANGE *et al.*, Plaintiffs-Appellants, *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.—(ARTHUR LEWIS *et al.*, Defendants.)

First District (4th Division)    No. 80-2303

Opinion filed July 16, 1981.

Walter M. Ketchum, Ltd., of Chicago (Jonathan K. Gray, of counsel), for appellants.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, Robert O. Duffy, and Michael W. Rathsack, of counsel), for appellees.

Mr. PRESIDING JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether a driver exclusion endorsement in an automobile liability policy is valid and enforceable where the policy is not certified. We agree with the trial court that it is and affirm.

Arthur Mackie, while driving an automobile owned by Arthur Lewis, collided with another automobile. Mackie had an automobile liability policy with plaintiff Mid-Century Insurance Exchange. That policy provided excess coverage while Mackie was driving a nonowned insured automobile. Lewis' car was insured by defendant State Farm Automobile Insurance Company. However that policy contained a "driver exclusion endorsement" providing that "no liability or obligation of any kind shall attach to the company for losses or damage sustained while any motor vehicle insured hereunder is driven or operated by Arthur G. Mackie." Plaintiff has undertaken the defense of suits brought against Mackie but filed a declaratory judgment action seeking to force State Farm to defend. The complaint was dismissed on the grounds that the exclusionary endorsement barred all coverage.

■■ Plaintiff failed to attach a copy of State Farm's insurance policy to its complaint. Nor has the plaintiff in its complaint set forth any provisions in the policy which might have provided coverage. Accordingly it is clear that even in the absence of the driver exclusion to which plaintiff referred in its complaint, the complaint failed to state a cause of action. *In re American Arbitration Association* (1969), 109 Ill. App. 2d 370, 248 N.E.2d 756; Ill. Rev. Stat. 1979, ch. 110, par. 36; 20B Appleman, Insurance Law & Practice §11827 (1980).

■■■ Furthermore, the "driver exclusion endorsement" in the policy bars any coverage since Mackie, the driver named in the exclusion, was driving the automobile at the time of the accident. Even if the policy contained an omnibus clause, a fact which we cannot assume, the exclusion in the endorsement would be valid and controlling (*McCann ex rel. Osterman v. Continental Casualty Co.* (1956), 8 Ill. 2d 476, 134 N.E.2d 302; *Economy Fire & Casualty Co. v. Pearce* (1979), 79 Ill. App. 3d 559, 399 N.E.2d 151, 35 Ill. Dec. 317; *Mid-Century Insurance Co. v. Safeco Insurance Co.*

(1972), 7 Ill. App. 3d 408, 287 N.E.2d 529), since in the case of conflict, an endorsement is controlling over provisions in the basic policy. (*Manchester Insurance & Indemnity Co. v. Universal Underwriters Insurance Co.* (1972), 5 Ill. App. 3d 847, 285 N.E.2d 185, *appeal denied* (1972), 52 Ill. 2d 594.) Plaintiff contends that the exclusion is repugnant to the public policy of Illinois as set forth in section 7—317(b)(3) of the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, par. 7—317(b)(3)), which states that an owner's policy shall insure everyone using the automobile with the insured's permission. This statute, however, expressly applies only to a policy "certified * * * as proof of financial responsibility for the future." Its requirements do not apply to policies not so certified, as the courts of this State have repeatedly recognized. (*McCann ex rel. Osterman v. Continental Casualty Co.* (1956), 8 Ill. 2d 476, 134 N.E.2d 302; *Mollihan v. Stephany* (1977), 52 Ill. App. 3d 1034, 368 N.E.2d 465; *Mid-Century Insurance Co. v. Safeco Insurance Co.* (1972), 7 Ill. App. 3d 408, 287 N.E.2d 529; *Stollery Bros. v. Inter-Insurance Exchange* (1957), 15 Ill. App. 2d 179, 145 N.E.2d 768, *appeal denied* (1958), 12 Ill. 2d 635.) There is no claim that the policy in this case was so certified.

The plaintiff, citing certain Arizona cases (*Rocky Mountain Fire & Casualty Co. v. Allstate Insurance Co.* (1971), 13 Ariz. App. 405, 477 P.2d 279, *vacated* (1971), 107 Ariz. 227, 485 P.2d 552; *Jenkins v. Mayflower Insurance Exchange* (1963), 93 Ariz. 287, 380 P.2d 145), contends that we should overturn this line of authority, arguing that the present result leaves a driver uncertain as to whether he has insurance when he borrows a car although he would naturally assume that he did, and this increases the chance that an injured party will have no practical recourse against a negligent driver. We are not persuaded by these arguments. Illinois has deliberately chosen not to require mandatory insurance for all those who drive, and it is not for this court to impose such a requirement contrary to the express intention of the legislature. If injured parties wish to protect themselves against loss due to an accident, they may do so by obtaining uninsured motorist coverage in whatever limits they wish or by securing medical or other personal accident insurance. Likewise, a driver may always obtain his own insurance, as Mackie did here, which will protect him not only when he is driving his own vehicle but when he is driving someone else's vehicle as well. He has no right to assume that the person loaning the vehicle is insured and that he is covered by this insurance since, as we already noted, Illinois does not make the carrying of automobile liability insurance mandatory.

Finally, plaintiff's contention that since Mackie's own policy provides only excess coverage when he is driving a nonowned vehicle, the insurer could deny primary coverage thus forcing Mackie to retain his own attorney to defend him is absolutely without any merit. Excess clauses are

only applicable where there is other primary coverage available. (8A Appleman Insurance Law & Practice §4909 (1981).) An excess insurer which under these circumstances breached its contract by denying liability or refusing to defend would, of course, be liable for the costs of defense and the amount of the judgment, at least up to the limits of the policy.

For the foregoing reasons the judgment of the trial court is affirmed.

Affirmed.

JOHNSON and JIGANTI, JJ., concur.