STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Plaintiff-Appellee, *v.* VICTOR H. SUAREZ, Defendant-Appellant.—(HUMBERTO INGLES *et al.*, Defendants.)

First District (2nd Division)    No. 81-643

Opinion filed February 23, 1982.

John Bernard Cashion, of Chicago, for appellant.

Taylor, Miller, Magner, Sprowl & Hutchings, of Chicago (James J. Hoffnagle, of counsel), for appellee.

JUSTICE DOWNING delivered the opinion of the court:

Plaintiff State Farm Mutual Automobile Insurance Company (State Farm) sought a declaratory judgment that it was not legally obligated to provide liability coverage to its insured, defendant Victor Suarez (Victor), for claims for contribution asserted by defendants Humberto and Celeste Ingles (the Ingles). The circuit court granted State Farm's motion for summary judgment. Victor appeals, contending (1) the insurance policy clause relied upon by State Farm is ambiguous and therefore unenforceable; and (2) the same clause is void because it violates public policy.

A two-car accident occurred on November 30, 1979. Estrella Suarez (Estrella), Victor's wife, was a passenger in one car, which was driven by Victor with the owner's permission. Humberto Ingles was the driver of the other car, allegedly as the agent of Celeste Ingles. State Farm had issued an automobile insurance policy on the Suarez car. Victor and Estrella were insureds under the policy.

Estrella and Victor sued the Ingles, claiming that they had suffered injuries as a result of the Ingles' negligence in causing the accident. The Ingles responded with a counterclaim for contribution against Victor, alleging that he was in part responsible for Estrella's injuries, and seeking recovery from that portion of any damage award Estrella might receive from them which was attributable to Victor's negligence.

State Farm retained counsel to represent Victor in the contribution action but also filed this action for a declaratory judgment that it was not obligated to provide liability coverage to Victor. State Farm relied upon the so-called "family exclusion clause" contained in the policy. That clause provides:

> " * * * There is no coverage * * * for any bodily injury to * * * any member of the family of the insured residing in the same household as the insured. The term 'insured' as used here means the person against whom claim is made or suit is brought. * * * "

There is no dispute that Victor is an "insured" within the meaning of this clause or that Estrella is a member of his family residing in the same household.

Both parties moved for summary judgment on the issue. In his motion, Victor argued that the language of the family exclusion clause did not refer to third-party contribution actions and was consequently vague, requiring its construction against State Farm.[1] The circuit court granted summary judgment to State Farm, ruling that the family exclusion clause was clear and unambiguous and thus State Farm's policy did not provide coverage to Victor in the contribution action. The court also found State Farm had no duty to indemnify Victor for any judgment against him in the contribution action.

Victor filed a motion for reconsideration together with a separate "alternative motion for summary judgment." The latter motion asserted that the family exclusion clause violated public policy. The circuit court denied the motion for reconsideration and refused to consider the alternate summary judgment motion.

---

[1] Victor also argued that since Estrella could not sue him directly because of the "common law doctrine of intrafamily immunity," that doctrine also precluded his liability in contribution because he could not be liable indirectly for that which he could not be liable directly. It is apparent that this contention would be relevant to an attack upon the viability of the Ingles' counterclaim, but is not relevant here.

## I

Victor reasserts his contention presented to the circuit court that the family exclusion clause is ambiguous and must be construed against State Farm.

## A.

As Victor recognizes in his brief, this issue has been presented to Illinois courts in the past. Our courts have uniformly held family exclusion clauses similar or identical to the one involved here to be clear, concise, and unambiguous. (*Country Mutual Insurance Co. v. Mooney* (1978), 59 Ill. App. 3d 946, 949, 376 N.E.2d 439, *appeal denied* (1978), 71 Ill. 2d 607; *State Farm Mutual Automobile Insurance Co. v. Hanson* (1972), 7 Ill. App. 3d 678, 681, 288 N.E.2d 523, *appeal denied* (1973), 53 Ill. 2d 604; *Miller v. Madison County Mutual Automobile Insurance Co.* (1964), 46 Ill. App. 2d 413, 419, 197 N.E.2d 153.) Nevertheless, Victor argues that his position has merit because since those decisions were handed down, he believes the supreme court has imposed a "new and additional requirement" for testing the clarity of a provision, which was not met here.

As authority for this assertion, Victor refers to *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.* (1975), 60 Ill. 2d 295, 327 N.E.2d 321. In that decision, the court ruled an insurance policy's employee exclusion clause did not exclude insurance coverage for injuries sustained by an employee due to the negligence of an insured other than his employer. In reaching this result, the court stated, "[i]f liability for this latter type occurrence was to be excluded from the policy, it could have been clearly stated." (60 Ill. 2d 295, 299.) Victor believes this language constitutes a new test.

We reject Victor's analysis. First, no case since the *Globe* decision has referred to the quoted language in the manner claimed by Victor. Second, a careful reading of the *Globe* opinion demonstrates that such language is, in fact, merely *dicta* utilized to bolster the real basis for the result there.[2] Clearly, deletion of this language from the opinion would not alter the result. No new requirement was enunciated in the *Globe* decision. Thus,

---

[2] The facts of *Globe* are that Globe had issued an insurance policy to a truck leasing firm, which policy contained a clause excluding coverage for bodily injury to employees of "the insured" arising in the course of employment. The trucking firm leased trucks to a lessee, and named the lessee as an additional insured in the Globe policy. An employee *of the trucking firm*, while servicing the leased trucks at the lessee's location pursuant to terms of the lease, was injured. Globe refused to defend *the lessee* in a suit brought by the trucking firm's employee, contending that the exclusion clause excluded coverage for such liability. The supreme court rejected this claim, holding that a severability clause in the policy required each insured to be treated as if it were insured under a separate policy. As noted, the court stated in *dicta* that Globe could have explicitly excluded coverage for the injuries involved had it so desired.

the modes of analysis used in the cases previously cited which approved the type of clause involved here remain valid. On its face, the exclusion is clear and unambiguous.

## B.

Victor argues that this case presents a novel circumstance because the cause of action involved is for contribution, rather than a direct action between family members. Thus, he implies, the previously cited precedents are inapplicable.

■■ We are aware of the factual differences between this case and those prior decisions. However, in our opinion the holdings of those cases remain applicable here. An action for contribution in these circumstances is based upon bodily injury to an insured's family member which gives rise to joint tort liability between the contribution-plaintiff and the insured. Were it otherwise, this case would be moot. This is because the insurance policy at issue provides coverage only for the insured's liability for "*bodily* injury to others, and damage to or destruction of property." (Emphasis added.) Were the contribution action viewed as proceeding from an injury (excess liability) to the Ingles, the policy obviously would provide no coverage for Victor. Under such facts, other jurisdictions have had no trouble ruling the family exclusion clause unambiguous. (See *Parker v. State Farm Mutual Automobile Insurance Co.* (1971), 263 Md. 206, 282 A.2d 503; *Minners v. State Farm Mutual Automobile Insurance Co.* (1969), 284 Minn. 343, 170 N.W.2d 223, and the cases cited therein.) We find that the family exclusion clause in this case is clear and unambiguous despite the fact that the insured is defending an action for contribution.

## II

Victor contends that the family exclusion clause is void because it violates public policy.

## A.

We first address State Farm's claim that this court should not reach the merits of this contention because Victor failed to present it to the circuit court in a timely fashion. As noted, Victor did not raise this issue until the circuit court had already granted State Farm's motion for summary judgment. The circuit court did not address his "alternate motion."

■■ The general rule in such circumstances is that the theory upon which a case is presented may not be changed upon review, and that an issue not presented to the trial court cannot be raised for the first time on appeal. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 147, 324 N.E.2d 417.) However, this general rule is not rigid and inflexible. Where injustice might result, this court may consider questions of law not presented

below. (See, *e.g.*, *Wadlington v. Mindes* (1970), 45 Ill. 2d 447, 453, 259 N.E.2d 257, *appeal dismissed* (1970), 400 U.S. 935, 27 L. Ed. 2d 242, 91 S. Ct. 252.) Reviewing courts have decided issues not presented to or decided by the court whose decision is being reviewed. (See *Gatto v. Walgreen Drug Co.* (1975), 61 Ill. 2d 513, 520, 337 N.E.2d 23, *cert. denied* (1976), 425 U.S. 936, 48 L. Ed. 2d 178, 96 S. Ct. 1669.) We will address Victor's claim.

## B.

Victor's public policy argument centers upon his belief that the family exclusion clause runs contrary to the public policy he assigns to the Illinois Financial Responsibility Act (the Act). (Ill. Rev. Stat. 1979, ch. 95½, par. 7—100 *et seq.*) That public policy is allegedly the goal of ensuring that funds be available in regulated minimum amounts for payment of damages in automobile accidents.

■■ We believe that Victor has misapprehended the nature of the Act. Initially, we note it is well settled that Illinois has deliberately chosen not to institute a mandatory requirement that all drivers carry automobile liability insurance. (*Mid-Century Insurance Exchange v. State Farm Mutual Automobile Insurance Co.* (1981), 98 Ill. App. 3d 493, 495, 424 N.E.2d 686.) Nothing in the Act supports a contrary position; indeed, comments to the Act state that the type of financial responsibility law involved therein "may be contrasted to the compulsory insurance type of law adopted in the state of Massachusetts, New York, and North Carolina." (Ill. Ann. Stat., ch. 95½, par. 7—201, Source Comment, at 411-12 (Smith-Hurd 1971).) Thus, it is not the public policy of Illinois to ensure the availability of resources to provide for payment of auto accident damages *solely* through mandatory, all-inclusive liability insurance. It is eminently obvious that the family exclusion clause cannot be held violative of this nonexistent public policy. For this reason, Victor's reliance upon *Allstate Insurance Co. v. United States Fidelity & Guaranty Co.* (Utah 1980), 619 P.2d 329, and *Estate of Neal v. Farmers Insurance Exchange* (1977), 93 Nev. 348, 566 P.2d 81, cases involving mandatory insurance laws, is misplaced.[3]

---

[3] Victor also cites to *Mutual of Enumclaw Insurance Co. v. Wiscomb* (1980), 25 Wash. App. 841, 611 P.2d 1304, *aff'd* (1980), 95 Wash. 2d 373, 622 P.2d 1234, and *Hughes v. State Farm Mutual Automobile Insurance Co.* (N.D. 1975), 236 N.W.2d 870, where it was held that the exclusion clause violates the policy of statutes similar to the Act. We note that in both cases there existed a strong public policy that an injured party recover for all injuries suffered, and that this extended even to suits between husband and wife, which were not barred by law. In contrast, no such policy exists in Illinois, as evidenced by the continued viability of interspousal tort immunity. (Ill. Rev. Stat. 1979, ch. 40, par. 1001.) Those cases are not persuasive here.

Additionally, we note that the provisions of the Act come into play only *after* an accident has occurred. Article II of the Act requires the deposit of "security" by a driver following an accident. Such "security" may consist of an insurance policy, a bond, or "such form as the Secretary of State may require." (Ill. Rev. Stat. 1979, ch. 95½, par. 7—204.) Evidently, the legislature is concerned with the encouragement and promotion of the availability of several types of financial resources to compensate the injured, liability insurance being a principal but by no means exclusive means to achieve that goal. (See *Ullman v. Wolverine Insurance Co.* (1969), 105 Ill. App. 2d 408, 410-11, 244 N.E.2d 827, *aff'd* (1970), 48 Ill. 2d 1, 269 N.E.2d 295.) Nothing in State Farm's decision to limit its coverage through the exclusion clause to certain circumstances violates the goal of article II, since nothing in article II indicates that insurance is the sole authorized manner in which its requirements can be met. Article III of the Act applies only where an insurance policy has been issued specifically in compliance with the directives of that article. (*McCann v. Continental Casualty Co.* (1956), 8 Ill. 2d 476, 483, 134 N.E.2d 302; *Mollihan v. Stephany* (1977), 52 Ill. App. 3d 1034, 1038-39, 368 N.E.2d 465; *Mid-Century Insurance Co. v. Safeco Insurance Co.* (1972), 7 Ill. App. 3d 408, 411, 287 N.E.2d 529.) There is no evidence that Victor's policy had been certified under article III prior to the accident with the Ingles, or that Victor had otherwise come within the terms of that statutory provision. In such circumstances, it has been held that public policy is not violated. See *Lewis v. Mid-Century Insurance Co.* (1969), 152 Mont. 328, 449 P.2d 679.

Finally, we note the very language of Victor's argument defeats his contention. Victor's stated concern if this court was to uphold the validity of the exclusion clause is that he (and other drivers in the same position) would allegedly be unable to acquire a "full span of liability coverage," could be rendered "naked of insurance coverage and thereby subject[ed] to suspension of driving privileges," and could not "protect [himself] from a third party contribution judgment." Victor looks at the impact of our decision upon himself, as the defendant. Yet, the provisions of the Act and the public policy espoused therein are concerned with the situation in which the *injured party* finds himself. We find nothing in ruling the family exclusion clause valid which would interfere with these actual public policy concerns of the Act.[4]

In sum, nothing in the Act or in its underlying philosophy precludes

---

[4] Victor also is concerned that the clause, if valid, "arbitrarily cuts off insurance coverage for a contribution action," thus affecting the "rights of third parties to recover damages to which they are legally entitled." Victor has no standing to raise this matter.

an insurer from placing the type of exclusion clause involved here in an insurance policy. Nor is the clause vague or ambiguous. The circuit court correctly entered summary judgment for State Farm. Its decision is affirmed.

Affirmed.

STAMOS, P. J., and PERLIN, J., concur.