GULLIVER'S EAST, INC., d/b/a Gulliver's East, Plaintiff-Appellee, *v.* CALIFORNIA UNION INSURANCE COMPANY, Defendant-Appellant.

First District (3rd Division)   No. 83—368

Opinion filed October 12, 1983.

Lord, Bissell & Brook, of Chicago (Richard F. Johnson, Hugh C. Griffin, and William D. Frazier, of counsel), for appellant.

Rabens, Formusa & Glassman, Ltd., of Chicago (Marvin Glassman, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant, California Union Insurance Company, appeals from a declaratory judgment holding that a provision in its insurance policy issued to plaintiff, Gulliver's East, Inc., is not against public policy and therefore is valid and enforceable against defendant.

The facts in this case are undisputed. Defendant issued a fire insurance policy to plaintiff insuring the premises of Gulliver's East, a restaurant located in Skokie, Illinois. As part of the policy, defendant issued an endorsement which provides:

"Arson Clause—The company hereby agrees that a defense of arson to this policy will never be available to the company unless there is an indictment and conviction of the principle [sic] stockholders of the corporation and assured."

On January 19, 1981, a fire severely damaged the restaurant and plaintiff filed its claim. In September 1981, defendant denied the claim stating as one ground for denial that "our investigation revealed that the fire was intentionally set by the insured or by a person or persons acting on behalf of the insured."

Plaintiff filed a complaint for declaratory judgment against defendant seeking a declaration of the validity of the rights of the parties under the insurance policy and damages. Defendant moved to dismiss the complaint alleging among other things that the arson clause violated Illinois public policy and therefore was void and unenforceable. Plaintiff filed a motion for summary judgment seeking a declaration that the arson clause endorsement is valid and enforceable.

On October 7, 1982, the trial court found the arson clause valid and enforceable and, with respect to that issue, partially granted plaintiff's motion for summary judgment and partially denied defend-

ant's motion to dismiss the complaint. Pursuant to Supreme Court Rule 308, the trial court certified the issue of whether the arson clause endorsement is valid and enforceable under Illinois law for immediate review by this court, and we granted leave to appeal.

Defendant contends that the arson clause endorsement, which it freely incorporated into its policy, allows an insured who is guilty of intentionally burning his property to be indemnified for the loss as long as he is not convicted of arson. It argues that this clause encourages the crime of arson and therefore is against public policy.

■ Parties have the right to incorporate any provision into an insurance contract as long as the provision is not prohibited by law or against public policy. (*Mid-Century Insurance Co. v. Safeco Insurance Co. of America* (1972), 7 Ill. App. 3d 408, 287 N.E.2d 529; *Moscov v. Mutual Life Insurance Co.* (1944), 387 Ill. 378, 56 N.E.2d 399.) Courts must consider the facts and circumstances of each case to determine whether a contract clause violates public policy. *Board of Trustees v. College Teachers Union* (1979), 74 Ill. 2d 412, 386 N.E.2d 47.

■ While Illinois has a public policy of discouraging the intentional burning of property for profit (Ill. Rev. Stat. 1981, ch. 38, par. 20—1(b)), we reject defendant's contention that the clause in the policy before us encourages arson. The parties did not agree to indemnify unconvicted arsonists, but rather agreed in advance to the manner in which defendant could raise and establish the arson defense. For this reason, the cases relied upon by defendant, *State Farm Life Insurance Co. v. Smith* (1977), 66 Ill. 2d 591, 363 N.E.2d 785, *Industrial Sugars, Inc. v. Standard Accident Insurance Co.* (7th Cir. 1964), 338 F.2d 673, and *Illinois Bankers' Life Association v. Collins* (1930), 341 Ill. 548, 173 N.E. 465, are inapposite. In those cases, the parties did not agree to the manner in which the alleged intentional bad act must be proved and the insurance companies retained their contractual rights to assert and establish the defense upon their own investigation.

■ In contrast, in the present case, rather than allow defendant to deny plaintiff's claim based solely upon defendant's opinion that the fire was intentionally set by or on behalf of plaintiff, the parties agreed to delegate the arson assessment to a disinterested party, the prosecuting authorities. Defendant specifically agreed to refrain from raising arson as a defense only until there was a conviction of the principal shareholders. Once there was a conviction, defendant could assert the defense in any proceeding, thereby in direct compliance with the public policy against arson and the general policy of prevent-

592

ing wrongdoers from profiting from their intentionally wrongful acts. The endorsement shifts the burden of proving arson from defendant to the prosecuting authorities. We do not believe that this procedural modification of the parties' contractual rights is repugnant to public policy. Rather, it appears to be an effort by the parties to combat undue delays in recovering insurance proceeds while also preventing those guilty of arson from unjustly recovering such proceeds. Because of our holding that this provision does not violate public policy, we will not interfere with the express agreement of the parties. Accordingly, we find that the arson clause endorsement is valid and enforceable against defendant.

For the reasons stated, the order of the circuit court of Cook County is affirmed.

Order affirmed.

RIZZI and WHITE, JJ., concur.