### Nettie H. Wilkinson, Appellee, v. Cosmopolitan Life Insurance Association, Appellant.

### Gen. No. 5215.

1. PLEADINGS—*what general demurrer does not reach.* A general demurrer does not reach conclusions or argumentation; in the absence of a special demurrer assigning such defects the pleading containing them is sufficient.

2. COMITY—*construction given to statutes of foreign state.* The courts of Illinois are committed to the doctrine of accepting the decisions of courts of a foreign state in construing and applying the statutes of such foreign state.

3. JUDGMENTS—*when action upon foreign judgment sustained.*

If a judgment rendered in a foreign state is valid in such state, it will support an action of·debt in this state.

Action in debt. Appeal from the Circuit Court of Stephenson county; the Hon.ʾ R. S. FARRAND, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

**Statement by the Court.** In August, 1899, the Royal Tribe of Joseph, a fraternal beneficiary association, organized under the laws of the state of Missouri, doing business in that and other states, issued to Robert S. Wilkinson, of Weeping Water, Nebraska, a certificate of membership by the terms of which Wilkinson was to pay a certain sum monthly during his lifetime, and at his death his widow was to receive the sum of $1,000. In 1903, the Cosmopolitan Life Insurance Association, an insurance company organized under the laws of Illinois, assumed the liabilities of the Royal Tribe of Joseph, and issued to Wilkinson a certificate to that effect. Wilkinson had been for several years the collector of assessments of the Royal Tribe of Joseph, and after the Cosmopolitan Life Insurance Association assumed the liabilities of the Royal Tribe of Joseph, he continued to collect assessments and forward them to the Cosmopolitan Life Insurance Association at Freeport, Illinois. Wilkinson died in November, 1906, and in 1907, the plaintiff, Nettie H. Wilkinson, brought suit in the County Court of Cass county, Nebraska, to recover the said sum of $1,000. Service of summons was had upon William R. Cross, alleged to be another collector·for the Royal Tribe of Joseph, who had continued to collect and forward assessments to the Cosmopolitan Life Association. The defendant appeared specially by its attorney in the Nebraska court, for the purpose of moving to quash the writ on the ground that it was a foreign corporation not licensed to do business in Nebraska; that it had no representative in Nebraska authorized to acknowledge service of summons upon it and that the person upon whom such pretended

service was had was not authorized by defendant to acknowledge service for it and prayed "to be discharged with its costs, etc." The motion was overruled and the defendant ruled to answer within ten days. No answer was filed and the court rendered judgment finding, first, that the defendant was duly served; second, that the defendant had filed a motion objecting to the jurisdiction of the court and asking relief and that it thereby had entered a general appearance. A judgment was rendered against the defendant for $1,000.

Plaintiff then brought suit in the Circuit Court of Stephenson county, Illinois, in debt upon the judgment of the County Court of Cass county, Nebraska. The defendant filed three pleas, first, that the defendant at the time of the commencement of the suit in Cass county resided in the state of Illinois and did not transact any business in Nebraska and that it was not found in the state of Nebraska and was not served with summons and did not appear to defend said suit, except that the defendant by its attorney entered a special appearance and moved to quash said writ of summons and took no further action in said suit; the second and third pleas are similar in substance.

The plaintiff filed several replications. The first and sixth replications traverse the averments of the three pleas, and aver that the defendant did transact business in Nebraska and that Cross was its agent. The second, third, fourth and fifth replications pleaded section 1942, paragraph 8 of the statutes of Nebraska, as to what constitutes an agent of a foreign insurance company—that it is provided by said statute that any person or firm in the state of Nebraska, who shall receive or receipt for any money on account of or for any contract of insurance made by him for any insurance company, or who shall receive or receipt for money from other persons to be transmitted to such company, for a policy or policies of insurance or any renewals thereof, shall be deemed to all intents

198 APPELLATE COURTS OF ILLINOIS.

Wilkinson v. Cosmopolitan Life Ins. Asso., 154 Ill. App. 195.

and purposes an agent of such company; and they aver that at the time of the commencement of said suit in Cass county, W. R. Cross, with the knowledge and consent of the defendant, received from divers persons in the state of Nebraska and transmitted to said company moneys on account of contracts or policies of insurance or renewals thereof made by said defendant with such persons in the state of Nebraska, and that by virtue of said statute said Cross was then and there the agent of the defendant upon whom service of summons could be had, and that service of summons was had on W. R. Cross, etc.

The seventh replication replied that plaintiff ought not to be barred because said defendant is estopped from denying that it transacted its business in the state of Nebraska and that the person upon whom service of summons was had was the agent of defendant, because the defendant filed its motion in said suit averring that it was a foreign corporation (setting forth in full the pleadings and proceedings in the Nebraska court, etc.), and that the service of summons was not binding and that in said motion said defendant moved to quash the writ and "to be discharged with its costs" and that said motion was overruled, etc. The defendant demurred to the several replications. The court sustained the demurrer to the eighth replication and overruled it as to the others. The plaintiff thereupon withdrew her eighth replication. The defendant elected to stand by its demurrer and thereupon judgment was rendered against the defendant for $1,048.03 and the defendant appeals to this court.

A. G. MURRAY, J. H. STEARNS and OSCAR R. ZIPF, for appellant.

ROBERT P. ECKERT, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Each replication attempts to answer all the pleas

of the defendant. The first and sixth replications attempt to traverse the pleas. The second, third, fourth and fifth replications set up a section of the statute of Nebraska, providing what acts by a party shall constitute such party an agent of an insurance company in Nebraska, with an averment that summons was served on one W. R. Cross in Cass county, Nebraska, and with averments that said Cross had done and was doing certain things in Nebraska for said defendant, whereby, by virtue of said statute, he was the agent of the defendant.

If any of the replications was a legal answer to all the pleas, then this judgment must be affirmed. The first and sixth replications are intended to be traverses of the pleas. Both these replications aver "that W. R. Cross upon whom service of process of summons in said cause in said suit was had was at the time aforesaid, in said state of Nebraska, the agent of said defendant." The demurrer is both general and special; the special ground of demurrer to the first replication is that the replication does not plead facts but conclusions; the special ground of demurrer to the sixth and seventh replications is that the order and judgment of the state of Nebraska court is not. a final judgment. If it be conceded that the averments of the first plea are conclusions, still that reason is not urged against the sixth plea. A general demurrer will only reach matters of substance, while to reach matters of form the special reason must be assigned. Argumentativeness is only available as ground of special demurrer (6 Encyc. of Pl. and Pr. 307); hence this reason not being assigned as to the sixth plea the demurrer to that plea was properly overruled. The special ground of demurrer to the second, third, fourth and fifth is that the defendant is not bound by the statute of Nebraska. The courts of Illinois are committed to the doctrine of accepting the decisions of courts of a foreign state in construing and applying the statutes of such foreign states. Fireman's Ins. Co. v. Thompson, 155 Ill. 204; Britton v.

Chamberlain, 234 Ill. 246. The statute of Nebraska pleaded in these replications, declared who shall be deemed an agent for an insurance company. The Supreme Court of that state has construed and applied section 1942, paragraph 8, of the statute of Nebraska where it provides: "(Agents) Any person or firm in this state who shall receive or receipt for any money on account of or for any contract of insurance made by him or them or for any such insurance company or individual aforesaid or who shall receive or receipt for money from other persons to be transmitted to any such company or individual aforesaid, for a policy or policies of insurance or any renewal thereof, although such policy or policies of insurance may not be signed by him or them as agent or agents of such company, or who shall in anywise directly or indirectly make or cause to be made any contract or contracts of insurance for or on account of such company aforesaid shall be deemed to all intents and purposes an agent of such company, and shall be subject and liable to all provisions of this chapter;" and holds that it includes the purpose of service of a summons in an action on a policy to recover the amount of loss, and that a bank by the performance of any of the acts enumerated in such section, becomes the agent of the insurance company, and the proper service of summons on it as agent will be service on the company. Bankers Life Ins. Co. v. Robbins, 55 Neb. 117. The demurrer was properly overruled to these replications.

There is also a second additional replication which avers that the defendant is estopped from claiming that its appearance in the Nebraska court was a special appearance, for the reason that in its motion to quash the writ in that court, it prayed for costs and that its appearance though claimed to be special became a general appearance. The defendant invoked the law of the state of Nebraska by its voluntary act and it cannot avoid the effect of that deliberate act.

The motion to quash the writ for want of jurisdiction was consistent with the averments of the motion but the courts of Nebraska hold, that by the prayer "to be discharged with its costs," the defendant invoked the power of the court on a question other than that relative to jurisdiction. In Nebraska the rule is that a defendant may appear specially to quash the service, but if he goes further and pleads for a dismissal of the case it will be held to be a general appearance in the action, as it invokes the power of the court other than that relating to jurisdiction. McKillep v. Harvey, 80 Neb. 264; Cropsey v. Wiggenhorn, 3 Neb. 108; Bucklin v. Strickler, 32 Neb. 602. This replication, however, does not plead the law of Nebraska, and we do not consider it necessary to pass on the effect of such a plea in this state. The demurrer was properly overruled to the second, third, fourth, fifth and sixth replications. There being replications that fully replied to all the pleas, the judgment is affirmed.

*Affirmed.*