ROBERT GREEN, DAVID WHITAKER *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

[No. 1-975A159. Filed March 16, 1976.]

*John C. Cox* of Evansville for appellant.

*Bamberger, Foreman, Oswald and Hahn* of counsel, *Robert H. Hahn, George A. Porch,* of Evansville for appellee.

LOWDERMILK, J.—Plaintiff-appellee State Farm brought its action for a declaratory judgment against defendants-appel-

lants Green and one Whitaker, the owner of the car which was insured by State Farm. The court sustained State Farm's motion for summary judgment on the issues and judgment was entered accordingly.

## FACTS OF THE CASE:

State Farm's insured, Whitaker, had resided in Indiana many years before he left and resided at other places in other states, including Laurel, Mississippi. He returned with his family to Evansville, Indiana, in January of 1970. Soon afterward, he left his wife and son at Evansville and returned to Laurel to clear up rights to railroad retirement and Social Security.

While in Laurel, Whitaker, on June 23, 1970, purchased liability insurance on his automobile and gave his address as Laurel, Mississippi. His wife sent a check for payment of the policy from Evansville to the agent at Laurel. Whitaker visited and lived with friends and at a motel while in Laurel a number of months, during which time he got his railroad retirement and Social Security established. He then returned to Evansville with his State Farm liability policy which complied with the Mississippi law as to limits of liability. Mississippi required a policy with limits of coverage of $5,000 for each person and $10,000 for each accident, while Indiana's requirement for public liability coverage was $10,000 for each person and $20,000 for each accident, at that time.

Whitaker, after returning to Evansville, held an Indiana drivers license, purchased Indiana license plates and on one occasion paid his premium for automobile coverage to an Indiana agent of State Farm. The agent forwarded the premium to the writing agent at Laurel, Mississippi, for the year of 1971.

Green, on the 9th day of May, 1971, was a passenger in a car operated by his brother which collided with a car owned by Whitaker and insured by State Farm as aforesaid and as a result of the collision Green sustained personal injuries.

Green sued Whitaker for his injuries and damages which State Farm undertook to defend.

State Farm then filed the action at bar in order to determine its limits of liability. The policy stated that "this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury, liability or for property damage liability shall comply with the provisions of such law . . . but in no event in excess of the limits of liability stated in this policy."

## COURT'S FINDINGS AND JUDGMENT:

The trial court found the undisputed facts to be as follows:

1. (a) The policy was issued to Whitaker by State Farm on June 23, 1970, in the State of Mississippi at which time Whitaker was a resident of Laurel, Mississippi.

(b) The limit of coverage for personal injury was $5,000 per person and $10,000 per accident.

(c) Following the purchase of the policy Whitaker moved to Indiana where he was involved in an automobile accident on May 9, 1971.

2. There is no statute under the facts before the court, of the State of Indiana, that requires that automobile liability insurance be written in an amount exceeding the coverage of the policy in issue.

3. There is no issue as to any material fact and plaintiff is entitled to judgment against both defendants as a matter of law.

The judgment of the court was that the plaintiff have judgment against the defendants and that plaintiff's limit of liability under its insurance policy issued by plaintiff to Whitaker on or about June 23, 1970, for any person making claim for personal injury and damages, was in the sum of $5,000.

## ISSUE PRESENTED:

The issue presented here is—Does the financial responsibility law requirement of fixed insurance limits for automobile coverage apply to the plaintiff-insurance company's policy?

## DISCUSSION:

Green contends that the Indiana Financial Responsibility Statute conflicts with the provision of Whitaker's policy which affords coverage for an Indiana driver in the amount of $5,000.00. He further contends the Indiana statute must prevail and the policy be declared to be in the amount of $10,000.00.

Green cites the Indiana statute, IC 1971, 9-2-1-15 (Burns Code Ed.) which reads in part, as follows:

"Proof of financial responsibility defined—Injury to person or property or death—Amount of proof required.—Proof of financial responsibility shall mean proof of ability to respond in damages for liability thereafter incurred, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of fifteen thousand dollars [$15,000] because of bodily injury to or death of any one [1] person, and, subject to said limit respecting one [1] person, in the amount of . . . ten thousand dollars [$10,000] because of injury to or destruction of property in any one [1] accident. . . ."

The Indiana law at the time of the wreck provided the amount of $10,000 to any one person rather than the amount set out in the above statute.

Green discusses Whitaker's place of residence and claims that if he were a resident of Indiana when he purchased the policy he should have purchased a policy complying with the Indiana statute.

We have carefully examined the Safety Responsibility Act and for reasons hereinafter set out are of the opinion Green's arguments are not well founded in that the case at bar does not come under the Act.

IC 1971, 9-2-1-15, *supra,* defines proof of financial responsibility as meaning ". . . proof of ability to respond in damages for liability *thereafter incurred,* arising out of the ownership, maintenance or use of a motor vehicle. . . ." (Our emphasis.)

After a wreck of the type we have here the Commissioner of the Bureau of Motor Vehicles shall require security under IC 1971, 9-2-1-4 (Burns Code Ed.) as follows:

"(a) . . .

". . . security sufficient in the discretion of the Commissioiner to indemnify the injured party against loss and guarantee the payment and satisfaction of any judgment or judgments for damages resulting from such accident as may be recovered against such owner or operator . . ., and in addition thereto, the commissioner may require such operator . . . (or owner, or both) . . . to file *proof of financial responsibility* for a period of one (1) year *following the date of the accident:* Provided, however, that if such owner or operator shall satisfy the commissioners that the liability, if any, for damages resulting from such accident is insured by an insurance policy or bond, the commissioner shall not require security from such owner or operator: Provided, further, that the words 'shall require' are to be construed as being words of direction rather than words of mandate.

(b) Such security, where ordered, shall be in such form and in such amount as the commissioner may require but in no case in excess of the amount of proof required by IC 1971, 9-2-1-15. . . ." (Our emphasis.)

The statute is not a *compulsory insurance statute* and is not applicable until a circumstance occurs which requires a motor vehicle owner or operator to give proof of financial responsibility. The statute speaks only after the occurrence of an accident, conviction or entry of judgment.

This interpretation is fortified by the case of *Hill* v. *Standard Mutual Casualty Company* (7th Cir., 1940) 110 Fed.2d 1001, 1006:

"In our opinion this particular law seeks to increase public protection in respect to motor vehicle operation. But the Indiana Law is not a general compulsory insurance

law. It merely guarantees the ability of a selected group of drivers or owners to respond in damages for future accidents. In other words, the Indiana Financial Responsibility Law protects the victim against the automobile operator's second accident, and in this case it was the operator's first accident. Thus, even if we believed that the reference here would give rise to ambiguity, we would be inclined to think that reliance thereon is dependent on the applicability of the law."

No action is required until after the occurrence of a vehicle owner or operator's first accident. It is only *after* the first accident that proof of the owner or operator's financial responsibility is required. The Act is for the purpose of protecting victims against an owner or operator's second or subsequent accident.

We must come to the inescapable conclusion that our Legislature did not intend the financial responsibility law to be or to become a compulsory insurance statute.

A vehicle owner or operator after having his first accident must, under our statute, give proof of his ability to respond in damages or lose his privilege of operating a motor vehicle on the public highways of Indiana.

Green further urges that Whitaker was a resident of Indiana and paid for his insurance two years before the wreck involved in this litigation and that the automobile liability insurance policy did not meet the minimal financial responsibility requirements of the Indiana statute.

Further, Green urges that the statute was automatically read into the policy and therefore State Farm would have a coverage of $10,000 rather than $5,000 under their policy.

We necessarily come to the conclusion that we can give no credence to that argument for the reason that the case at bar does not come under the Safety Responsibility Act.

We find that there was no issue of a material fact and that the court correctly granted the motion for summary judgment.

Judgment affirmed.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 343 N.E.2d 828.