153 N.J. Super. 72 (1977)
379 A.2d 53
AMERICAN HARDWARE MUTUAL INSURANCE COMPANY AND ROBERT YOUNG, PLAINTIFFS-APPELLANTS,
v.
MARY BRADLEY, INDIVIDUALLY AND MARY BRADLEY, AS GENERAL ADMINISTRATOR AND AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF EDWARD A. BRADLEY, DECEASED, HOWARD RUCKER, FLORA SCOTT, AND FLORA SCOTT, A MINOR, LAURENCE HOGAN, MARY HOGAN, HIS WIFE, MICHAEL O'DONNELL AND EILEEN GOLECKI, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued September 12, 1977.
Decided September 26, 1977.
*73 Before Judges ALLCORN, MORGAN and HORN.
Mr. Fred W. Jung, Jr., argued the cause for appellants.
Mr. James E. Flynn argued the cause for respondent Mary Bradley, individually and as general administrator and administrator ad prosequendum of the estate of Edward A. Bradley, deceased (Mr. James P. Dugan, P.A., attorney).
*74 Mr. John N. Armellino argued the cause for respondents Laurence Hogan and Mary Hogan (Messrs. Popovitch & Popovitch, attorneys; Mr. Frederick E. Popovitch, of counsel).
The opinion of the court was delivered by MORGAN, J.A.D.
Must a policy of automobile liability insurance issued in New York to a New York resident covering a motor vehicle registered and garaged in that state afford coverage to the level of the New Jersey statutory minimum when an accident injuring New Jersey residents occurs in this State? The trial judge answered that question in the affirmative by reforming the New York policy containing limits of $10,000 per person and $20,000 per accident in compliance with New York requirements[1] to provide coverage in the amount of $15,000 per person and $30,000 per accident as demanded by New Jersey law. The challenged trial court action was based upon the perceived New Jersey public policy of guaranteeing to its residents coverage to the level of the statutory minimum and upon provisions contained in the policy itself from which the trial judge discerned an intent on the part of the carrier to underwrite expanded coverage whenever the laws of another state in which the insured vehicle caused injury so demanded. We disagree and reverse.
*75 The factual context of the controversy is free from dispute. A New Jersey accident which occurred on January 26, 1974, negligently caused by a New York resident driving a vehicle registered and garaged in New York, resulted in the death of one New Jersey resident and the injury of two others. Plaintiff insurance carrier, American Hardware Mutual Insurance Company, had issued to its insured, coplaintiff Robert Young, a policy of automobile liability insurance with coverage limited to the amount of the New York statutory minimum in effect at the time, $10,000 per person and $20,000 per accident. Perceiving that the damages sustained by the victims of the accident exceeded the limits of its policy, American instituted an interpleader action tendering the full policy in payment of all claims and apparently seeking a court-ordered allocation of the available monies. Defendants, the victims of the accident, countered with a motion seeking to increase the level of coverage from the $10,000/$20,000 limits contained in the policy to the higher statutory minimum required by New Jersey law. The order granting this relief is here under challenge.
Unlike the trial judge, we are unable to locate any provision in the policy evidencing the carrier's intention to afford greater or lesser coverage in accordance with the laws of another state where an accident caused by its insured occurred. Paragraph 9 of the policy[2], relied upon by *76 the trial judge, contemplates increased limits of coverage in compliance with the laws of a sister state only when the policy is certified as proof of financial responsibility in that other state. No party even suggests that the policy in question was "certified as proof of financial responsibility for the future" under New Jersey financial responsibility laws, or that the insured had, by his conduct, rendered himself subject to such a demand. The challenged trial court order simply excised from this provision the express condition to the carrier's agreement to underwrite losses to the greater limit required by the laws of a sister state wherein an accident occurred. This it could not do.
Nor does paragraph 25 of the policy provide authority for the trial court order. Paragraph 25 reads as follows:
Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes.
This provision merely guarantees that the issued policy will conform to the laws of the state where issued. Since it is conceded by all that the policy conforms in all material respects to the law obtaining in New York on the date of its issuance, the purposes of this provision have been achieved and it bears no relevance to the problem presented. Neither paragraph 25 nor any other provision of the policy requires policy compliance with the laws of any other state where the insured vehicle may have caused an accident.
As to the perceived public policy of New Jersey of guaranteeing to its residents available insurance in the minimum specified by statute even from policies issued in other states to nonresident drivers of cars registered and garaged elsewhere, evidence of such public policy, if it exists, would have to be found outside all applicable statutory provision and directly contrary to existing decisional law. Hence, the mandate for automobile liability insurance, at least to the minimum amounts of coverage specified by statute, by its *77 express terms, applies only to "Every owner or registered owner of a motor vehicle registered or principally garaged in this State * * *." N.J.S.A. 39:6B-1 and N.J.S.A. 39:6A-3. The public policy evident from these provisions limits the guarantee to injured persons of available coverage in the statutory minimum only with respect to resident, not nonresident, drivers. Since New Jersey law does not compel any level of insurance coverage on nonresident drivers operating vehicles registered and garaged elsewhere, there can be no basis for reforming a policy covering such a nonresident to comply with this non-existent requirement.
Decisional law, too, fails to evidence a public policy requiring that insurance policies issued in sister states covering vehicles registered and garaged in the state of issuance carry New Jersey statutory limits of coverage with respect to vehicles driven within this State. Cirelli v. Ohio Casualty Ins. Co., 133 N.J. Super. 492 (Law Div. 1975), mod. on other grounds, 72 N.J. 380 (1977), held, in substance, that the scope of coverage afforded by an automobile liability policy of insurance is to be determined by the law of the state in which the policy was issued. The policy in Cirelli was issued in New Jersey. The carrier, however, sought the benefit of a New York statutory limit on the recoverable amount of medical expenses in a no-fault context not available in New Jersey. It contended that the New York limit was applicable simply because the accident occurred there. The trial court held that contention to be without merit, and although the issue was abandoned on the appeal, the Supreme Court nonetheless noted that it fully concurred with the trial judge's determination of that issue. Hence Cirelli, relied upon by the trial judge in suggesting a public policy supportive of the action taken, clearly does the reverse since it holds that the law of the state in which the policy was issued, not that of the state where the accident occurred, governs.
Perhaps the clearest confrontation of this public policy issue is contained in Buzzone v. Hartford Accident & Indem. *78 Co., 23 N.J. 447 (1957), aff'g 41 N.J. Super. 511 (App. Div. 1956). The Appellate Division decision, written by then Judge (later Chief Justice) Weintraub, over a dissenting judge expressing views similar to those articulated by the trial judge in this matter, viewed it as
* * * unreasonable to assume a gratuitous undertaking by the insurer to have a policy issued in one state ambulate elsewhere to provide coverage under the financial responsibility laws of all other states through which the insured might happen to pass. * * * The insurer could hardly have in fact intended voluntarily and without compulsion to assume obligations for the benefit of the public of all jurisdictions in which the insured may happen to drive, except, of course, in those situations in which it actually tenders its policy to another jurisdiction because its insured has there been denied the privilege of operation by reason of some prior involvement. [41 N.J. Super. at 516-517]
The Supreme Court agreed, and although acknowledging that "there might well be a legitimate interest in protecting the welfare of New Jersey citizens under all circumstances," such protection would have to be afforded by the Legislature and not by the courts. 23 N.J. at 457. The Legislature has not taken such action.
Hence, we conclude that nothing in the insurance policy issued in New York itself suggests that it was to conform to the requirements of each and every state through which the insured New York-based vehicle would be taken, and nothing in the statutory or decisional law of this State warrants reformation of such a policy to conform to New Jersey requirements simply because the accident occurred here.
Reversed.
NOTES
[1] All parties agree that the subject policy in the maximum amounts of $10,000/$20,000 complied with the minimum amount of coverage required by New York at the time. See McKinney, Vehicle and Traffic Law, §§ 311 and 312 (1970). Following the accident which gave rise to the present controversy, New York adopted as part of its "no-fault" law, a requirement that automobile liability policies "provide, when a motor vehicle covered by such policy is used or operated in any other state or in any Canadian province, insurance coverage for such motor vehicle at least in the minimum amount required for such vehicle by the laws of such other state or Canadian province." McKinney, Insurance Law, § 672, effective February 1, 1974. Hence, the situation presently confronting the court is not likely to recur with respect to automobiles garaged, registered and insured in New York.
[2] "When this policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law which shall be applicable with respect to any such liability arising out of the ownership, maintenance or use of the automobile during the policy period, to the extent of the coverage and limits of liability required by such law, but in no event in excess of the limits of liability stated in this policy. The insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make -nder [sic] the terms of this policy except for the agreement contained in this paragraph."