Arthur J. GRIMES, Gwyn M. Grimes, Leon L. Crutchfield, and Carl D. Crutchfield, Appellants (Plaintiff below),

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee (Defendant below).

No. 2–1078A361.

Court of Appeals of Indiana, Fourth District.

March 27, 1980.

Rehearing Denied April 23, 1980.

Edgar W. Bayliff, Bayliff, Harrigan, Cord & Maugans, Kokomo, for appellants.

Nelson J. Becker, Hanna, Small, Sabatini & Becker, Logansport, William L. Soards, Soards & Carroll, Indianapolis, for appellee.

MILLER, Presiding Judge.

Plaintiffs-appellants Arthur J. Grimes, Gwyn M. Grimes, Leon L. Crutchfield and Carl D. Crutchfield, hereinafter collectively referred to as Grimes, were occupants of a car which collided with that of Rodney O. Roberts (Roberts), an Illinois resident and an insured of defendant-appellee Government Employees Insurance Company (GEICO). Grimes recovered a $275,000.00 judg-

ment against Roberts' estate.[1] GEICO paid Grimes $20,000.00, the total amount of its policy liability for bodily injuries sustained by all parties in a single accident. Grimes then brought this action in order to force GEICO to pay an additional $10,000.00 for a total of $30,000.00, the minimum amount provided by the Indiana Motor Vehicle Safety-Financial Responsibility and Driver Improvement Act (Financial Responsibility Act) and 8% interest on $255,000.00 from judgment until the full $30,000.00 is paid.[2]

The trial court found in favor of GEICO. We affirm.

The disposition of this appeal depends upon our interpretation of the out-of-state endorsement included in Roberts' policy and the language of our Financial Responsibility Act. The policy provision reads:

## OUT OF STATE INSURANCE

It is agreed that, subject to all the provisions of our policy except where modified herein, the following provision is added:

If, under the provision of the motor vehicle financial responsibility law of any state or province, a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle in such state or province and such insurance requirements are greater than the insurance provided by the policy, the limits of the company's liability and the kinds of coverage afforded by the policy shall be set forth in such law, in lieu of the insurance otherwise provided by the policy, but only to the extent required by such law and only with respect to the operation or use of a motor vehicle in such state or province . . . .

Two sections of the Financial Responsibility Act in effect at the time of the accident, Ind.Code 9–2–1–4 and Ind.Code 9–2–1–15, require our attention. Ind.Code 9–2–1–4, since amended,[3] read:

(a) The commissioner shall require, within not less than ten (10) days nor more than sixty (60) days after an accident, from any person who, while operating any motor vehicle, shall have been involved in any motor vehicle accident resulting in bodily injury or death, or in damage to property in excess of one hundred dollars ($100), or, in the discretion of the commissioner, from the person in whose name such motor vehicle is registered, or both, security sufficient in the discretion of the commissioner to indemnify the injured party against loss and guarantee the payment and satisfaction of any judgment or judgments for damages resulting from such accident as may be recovered against such owner or operator by or on behalf of the injured person or his legal representative, and in addition thereto, the commissioner may require such operator, or in the commissioner's discretion, the person in whose name such motor vehicle is registered, or both to file proof of financial responsibility for a period of two (2) years following the date of the accident: Provided, however, That if such owner or operator shall satis-

1. Judgment was also obtained in said amount against a third party's estate, presumably the owner of the vehicle.

2. The policy provided:
   *Supplementary Payments*: To pay, in addition to the applicable limits of liability:
   (a) all expenses incurred by the company, all costs taxed against the insured in any such suit and *all interest on the entire amount of any judgment and before the company has paid* or tendered or deposited in court *that part of the judgment which does not exceed the limit of the company's liability* thereon. [Emphasis added.]
   Since we find that GEICO was not deficient and paid the entire amount of its liability imme-

diately upon judgment, it is unnecessary for us to consider whether this provision requires GEICO to pay interest on only the $10,000.00 deficiency or, as insisted by Grimes, on the entire amount of the judgment of $255,000.00.

3. Ind.Code 9–2–1–4 now reads:
   (a) The commissioner shall require, within not less than ten (10) days nor more than ninety (90) days after an accident, from any person who, while operating any motor vehicle on a public highway, shall have been involved in any motor vehicle accident resulting in bodily injury or death, or in damage to property in excess of two hundred dollars ($200), . . . .

fy the commissioner that the liability, if any, for damages resulting from such accident is insured by an insurance policy or bond, the commissioner shall not require security from such owner or operator: Provided further, That the words "shall require" are to be construed as being words of direction rather than words of mandate.

(b) Such security, where ordered, shall be in such form and in such amount as the commissioner may require, but in no case in excess of the amount of proof required by IC 1971, 9–2–1–15. The commissioner may reduce the amount of security ordered in any case, if after further investigation he shall determine that the amount ordered is excessive.

.　　.　　.　　.　　.

and Ind.Code 9–2–1–15 read:

Proof of financial responsibility shall mean proof of ability to respond in damages for liability thereafter incurred, arising out of the ownership, maintenance or use of a motor vehicle, in the amount of fifteen thousand dollars ($15,000) because of bodily injury to or death of any one (1) person, and, subject to said limit respecting one (1) person, in the amount of thirty thousand ($30,000) because of bodily injury to or death of two (2) or more persons in any one (1) accident, and in the amount of ten thousand dollars ($10,000) because of injury to or destruction of property in any one (1) accident. Proof in the amounts required by this section shall be furnished for each motor vehicle registered by such person.

Grimes contends the out-of-state endorsement had the effect of increasing the coverage of the policy to $30,000.00, the minimum amount provided by the Financial Responsibility Act. On the other hand, GEICO contends that the endorsement is inapplicable because Indiana is not a compulsory insurance state and the endorsement can increase coverage only when "a non-resident is required to maintain insurance with respect to the operation or use of a motor vehicle."

■ We first note the Financial Responsibility Act is not a compulsory insurance statute and does not require a resident or non-resident to carry motor vehicle liability insurance with respect to the operation of a motor vehicle until after the first accident occurs. *Green v. State Farm Mutual Automobile Insurance Company*, (1976) Ind.App., 343 N.E.2d 828; *Hill v. Standard Mutual Casualty Company*, (1940) 110 F.2d 1001.

Further, the apparent purpose of the Act, insofar as it relates to the issue in this case, is twofold. First, it provides that a driver causing injury must indemnify the injured party against loss and guarantee the payment of any judgments for damages under threat of a forfeiture of his driver's license and motor vehicle registration. Second, under the same threat, the driver is required to furnish the Commissioner of Motor Vehicles proof he is financially able to respond in damages for liability thereafter incurred.

In *Green v. State Farm Mutual Automobile Insurance Company, supra*, one Whitaker, a resident of Mississippi and insured by State Farm, moved to Indiana and was involved in an accident with Green. State Farm undertook to defend the action and Whitaker and State Farm suffered a judgment in excess of the $5,000.00 policy limit for each person injured. At the time, Ind. Code 9–2–1–15, *supra* provided the amount of $10,000.00 to any one person. The policy in question contained the following provision:

[T]his policy is certified as proof of financial responsibility for the future under the provisions of the motor vehicle financial responsibility law of any state or province, such insurance as is afforded by this policy for bodily injury, liability or for property damage liability shall comply with the provisions of such law . . but in no event in excess of the limits of liability stated in this policy.

In determining whether the Financial Responsibility Act requirement of fixed insurance limits of $10,000.00 applied to the insurance company's policy, the Court concluded:

The statute is not a compulsory insurance statute and is not applicable until a circumstance occurs which requires a motor vehicle owner or operator to give proof of financial responsibility. The statute speaks only after the occurrence of an accident, conviction or entry of judgment.

This interpretation is fortified by the case of *Hill v. Standard Mutual Casualty Company* (7th Cir., 1940) 110 F.2d 1001, 1006:

> "In our opinion this particular law seeks to increase public protection in respect to motor vehicle operation. But the Indiana law is not a general compulsory insurance law. It merely guarantees the ability of a selected group of drivers or owners to respond in damages for future accidents. In other words, the Indiana Financial Responsibility Law protects the victim against the automobile operator's second accident, and in this case it was the operator's first accident. Thus, even if we believed that the reference here would give rise to ambiguity, we would be inclined to think that reliance thereon is dependent on the applicability of the law."

No action is required until after the occurrence of a vehicle owner or operator's first accident. It is only after the first accident that proof of the owner or operator's financial responsibility is required. The Act is for the purpose of protecting victims against an owner or operator's second or subsequent accident.

We must come to the inescapable conclusion that our Legislature did not intend the financial responsibility law to be or to become a compulsory insurance statute.

A vehicle owner or operator after having his first accident must, under our statute, give proof of his ability to respond in damages or lose his privilege of operating a motor vehicle on the public highways of Indiana.

Green further urges that Whitaker was a resident of Indiana and paid for his insurance two years before the wreck involved in this litigation and that the automobile liability insurance policy did not meet the minimal financial responsibility requirements of the Indiana statute.

Further, Green urges that the statute was automatically read into the policy and therefore State Farm would have a coverage of $10,000 rather than $5,000 under their policy.

We necessarily come to the conclusion that we can give no credence to that argument for the reason that the case at bar does not come under the Safety Responsibility Act.

*Green*, at 831.

■ Although the policy endorsement was somewhat different in the *Green* case, the reasoning is certainly applicable to the case before us. At the time of the accident, Roberts was not required to maintain insurance in order to operate his car in Indiana. That requirement was imposed by the Financial Responsibility Act only to indemnify against future losses and was effective only after the accident. Like *Green*, this case does not come under the Financial Responsibility Act.

The recent case of *Reliance Insurance Companies v. Darden*, (1977) 217 Va. 694, 232 S.E.2d 749, is a case directly in point. In analyzing an out-of-state insurance provision identical to the one before us, the Court stated:

> We find nothing ambiguous in the endorsement. It clearly states that coverage is enlarged beyond the limits set forth in the policy if the policyholder had to maintain insurance as a condition of the operation and use of the motor vehicle in a foreign state under that state's motor vehicle financial responsibility laws. Since Lawrence was not required to maintain insurance under Virginia's motor vehicle financial responsibility act at the time of the accident, the Act had no application here, and the endorsement did not enlarge the coverage under the policy. Hence, Reliance's limit of liability under its policy was $20,000, and it was

error to hold that it was liable for the balance due on plaintiff's judgment.

*Id.* at 232 S.E.2d at 751.

We acknowledge that some courts, relying to a substantial degree upon considerations of public policy, have reached a conclusion opposite to ours. However we are convinced that a substantial majority of jurisdictions support the result reached here. Annot., 8 A.L.R.3d 388 (1966 & Supp. 1979); 7 Am.Jur.2d Automobile Insurance § 7 (1963). The rationale of the majority was stated in *Gabler v. Continental Casualty Company,* (1956 Mo.App.) 295 S.W.2d 194, and quoted in *Miller v. State Farm Mutual Automobile Insurance Company,* (1970) 204 Kan. 694, 466 P.2d 336, 343 as follows:

> "The rationale of these cases is that the safety responsibility laws do not provide for compulsory motor vehicle liability insurance; that they are prospective in intendment, operate in futuro and are based upon the philosophy that every dog is allowed by the law one free bite; that such laws apply only to a second accident and not to a first accident; that there is no requirement that the owner or operator of a motor vehicle carry a policy of liability insurance or that it contain any particular provisions unless and until the safety responsibility law has been invoked by the occurrence of some event resulting in the order of a state official that security be deposited or that proof of financial responsibility be made; that the policy must be a 'required' policy before the provisions of the safety responsibility law are to be incorporated therein."

In conclusion, we find that at the time of the accident in question Roberts was not required by our Financial Responsibility Act to carry motor vehicle insurance and, thus, the fixed insurance limit of $30,000.00 provided in Ind.Code 9–2–1–15, *supra,* did not become a part of GEICO's policy.

The judgment of the trial court is affirmed.

YOUNG and CHIPMAN, JJ., concur.